PEOPLE v. RICHARDS.

1. THEATERS AND SHOWS—LICENSE—NECESSITY.
    A performance in a theater situated within an enclosed park,
    to which entrance must be gained by payment of an admis-
    sion fee before entrance can be had to the theater, is an ex-
    hibition to which admission is obtained on the payment of
    money which may be licensed by the township or village
    in which it is situated under sections 3480, 3481, 1 Comp.
    Laws.

2. TOWNSHIPS — RESOLUTIONS — AUTHORITY  TO  PASS — SPECIAL
    MEETING OF BOARD—RECORD ON APPEAL.
    A claim that the township board had no authority to pass the
    resolution in question, because its action was taken at a
    special meeting called for another purpose, cannot be consid-
    ered in this court where the record of the township board,
    though introduced in evidence below, is not before the court,
    and the court cannot say whether the trial court, in overrul-
    ing the contention, based its ruling on a finding that the rec-
    ord, fairly construed, showed that the meeting was called for
    the purpose of acting upon the resolution, or held that the ac-
    tion was regular because all members of the board were pres-
    ent and consenting.

3. CRIMINAL LAW — APPEALS — QUESTIONS CONSIDERED — SUFFI-
    CIENCY OF RECORD.
    Contentions that 'a resolution of a township board licensing
    theaters has no application to respondent, and that the license
    imposed thereby is unreasonable, cannot be considered on ex-
    ceptions before sentence where not made in the court below
    and the resolution is not in the record.

Exceptions before judgment from Bay; Collins, J.
Submitted November 15, 1907.   (Docket No. 171.)   De-
cided December 10, 1907.

Lamont W. Richards was convicted of conducting a
theater without paying a license fee.   Affirmed.

*Weadock & Duffy*, for appellant.

*Charles. W. Hitchcock*, Prosecuting Attorney, for the
people.

CARPENTER, J. Respondent was convicted in the circuit court under an information which charged that at Wenona Beach, in the township of Bangor, county of Bay, State of Michigan, he (respondent) did "set up and promote an exhibition and show   *  .*   *   to which admission was obtained on payment of money; and publish and advertise said exhibition and show without first paying the license fee to the township clerk and obtaining license of said township of Bangor as required by resolution adopted by the township board of said township at a meeting of said township board   *   *   *   on the 6th day of June, 1906."

The statutes covering this subject are sections 3480 and 3481, 1 Comp. Laws, which read as follows:

"SEC. 1. The township board of any township, or the corporate board of any village, may at any meeting held for that purpose, license theatrical exhibitions, public shows, and such other exhibitions as they deem proper, to which admission is obtained on payment of money, upon such terms and conditions as they shall think reasonable, and may regulate the same in such manner as they shall think necessary for the preservation of order and decorum, and to prevent any danger to the public peace; but no such license shall be in force for a longer time than the officers granting the same shall have been elected to office.

"SEC. 2. Any person who shall set up or promote any such exhibition or show, or shall publish or advertise the same, or otherwise aid or assist therein, without a license first obtained, as provided in the preceding section, or contrary to the terms and conditions of such license, or while the same is suspended, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding two hundred dollars."

Respondent was manager of Wenona Beach for the Bay City Traction & Electric Company. As such manager he set up in a casino on said beach a theatrical exhibition and published and advertised it, and he did not obtain a license therefor.

The first question for our consideration arises from respondent's contention that he was not guilty of any of-

fense under the statutes above quoted, for the reason that no charge was made for admission to said theatrical exhibition. The facts upon which this claim is based are correctly stated in the brief of the people's counsel, from which we quote:

"The theater building is situate within an inclosure called 'Wenona Beach Park;' said inclosure having two gates through which people must pass in order to reach the theater. In order to be admitted through either of these gates each person must pay five cents direct, or pay substantially the same amount through purchasing a coupon ticket from the railway company. * * * The system was such that no person could gain admission to the theater and see the show without paying money. He was obliged to pay for admission to the inclosure in which the theater was situate and could not enter the theater without first entering the inclosure. * * * After a person had gained admission to the inclosure, by paying the price charged, if there were any free seats unoccupied in the rear end of the theater [there were two or three hundred such seats] he was admitted to them without further charge, but if he wanted a seat in the front part of the house, and these were the more convenient and desirable, he was charged an additional sum according to their location."

Under these facts we agree with the circuit judge that these were exhibitions "to which admission is obtained on the payment of money." The admission fee that was collected before one could enter the inclosure was in reality a charge for the privilege of witnessing the theatrical exhibition. It would defeat the purpose of the statute and violate its express provision if it did not apply in such cases.

*Second.* Respondent contends that the township board had no authority to pass the resolution of June 6th because its action was taken at a special meeting called for the purpose of considering a liquor bond. This claim both in the lower court and in this court is based upon the construction of the record of the proceedings of said township board. That record was introduced in evidence in

the trial court and was open to the inspection of the trial judge. It is not a part of the record in this case and is therefore not open to our inspection. The trial judge who inspected said record overruled respondent's contention. Whether this ruling proceeded upon the ground that the record fairly construed showed that the meeting was called for the purpose of acting upon said resolution, or whether he adopted the contention of the people's counsel that it showed that every member of the township board was present and consented to take action on said resolution (in which case there is authority for saying that the action was regular. See 1 Dillon on Municipal Corporations [4th Ed.], § 264) we do not know. It is sufficient to say that without an inspection of the record we cannot say that the trial court placed upon it an erroneous construction.

*Third.* It is contended that the resolution prescribing the license had no application to respondent and that the license fee was unreasonable. We cannot consider these questions for two reasons: (*a*) They do not appear to have been raised in the lower court. (*b*) Their determination requires an examination of the terms of the resolution. That examination we cannot make, for that, like the record of the proceedings before the township board, is no part of the record before us.

The conviction is affirmed.

McALVAY, C. J., GRANT, BLAIR, and MOORE, JJ., concurred.